UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
IN RE:

    AIDA L. BRONNER                        CASE NO. 05-68425

                    Debtor                        Chapter 7
--------------------------------------------------------
APPEARANCES:

CAROL ANN MALZ, ESQ.
Attorney for Debtor
P.O. Box 1446
Oneonta, New York 13820

HINMAN, HOWARD & KATTELL, LLP        XIAOQIN ZHANG, ESQ.
Attorneys for Wilber National Bank            Of Counsel
700 Security Mutual Building
80 Exchange Street
P.O. Box 5250
Binghamton, NY 13902-5250

Hon. Stephen D. Gerling, Chief U.S. Bankruptcy Judge

## MEMORANDUM-DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

Under consideration by the Court is a motion filed on October 12, 2005, by Aida L. Bronner (the "Debtor") pursuant to § 522(f) of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 ("Code"), seeking to avoid the judgment lien of Wilber National Bank (the "Bank"). Opposition to the motion was filed on behalf of the Bank on November 21, 2005. The Debtor filed a reply to the Bank's opposition on November 27, 2005.

The motion was scheduled to be heard at the Court's regular motion term in Binghamton, New York on November 29, 2005. The motion was adjourned to January 31, 2006, in order for

the Debtor to obtain an appraisal of her residence in Laurens, New York (the "Premises"). The motion was heard on January 31, 2006, and adjourned to February 23, 2006, in order to afford both parties the opportunity to file memoranda of law on the issue of the applicability of the 2005 amendment to § 5206(a) of the New York Civil Practice Law & Rules ("CPLR"), which increased the homestead exemption in New York State from $10,000 to $50,000.[1] Following the hearing on February 23, 2006, the Court indicated that it would reserve decision on the Debtor's motion. The matter was taken under submission on March 15, 2006.

## JURISDICTIONAL STATEMENT

The Court has core jurisdiction over the parties and subject matter of this contested matter pursuant to 28 U.S.C. §§ 1334, 157(a), (b)(1), (b)(2)(B) and (O).

## FACTS

On August 30, 2005, New York State amended CPLR § 5206(a) to increase the homestead exemption available to an individual judgment debtor from $10,000 to $50,000. The Debtor filed a voluntary petition pursuant to chapter 7 on September 23, 2005.[2] According to Schedule A,

---

[1] On December 13, 2005, the Bank filed an objection to the Debtor's claim of exemption in the amount of $50,000.

[2] On August 17, 2005, the Debtor filed a voluntary petition pursuant to chapter 13 of the Code. On September 19, 2005, she requested dismissal of her case, which was granted by Order of this Court on September 22, 2005 (Case No. 05-66764). The Debtor acknowledges that she requested that the first case be dismissed in order to take advantage of the new homestead

3

filed with the Debtor's petition, the value of the Premises is listed as $77,300. On Schedule C, filed with the Debtor's petition, she claims an exemption of $50,000 pursuant to CPLR § 5206(a). According to Schedule D, filed with the Debtor's petition, Chase Mortgage holds a claim, secured by a mortgage on the Premises, in the amount of $59,132.51. Debtor also lists the Bank as an unsecured creditor with a claim of $61,000, pursuant to a judgment entered on August 11, 2004.[3] *See* Schedule F, attached to the Debtor's petition.

The Bank's judgment is against Richard T. Bronner, individually and d/b/a Husky Services,[4] and the Debtor in the original amount of $77,393.60. The judgment was docketed in the Otsego County Clerk's office on August 11, 2004. *See* Exhibit C attached to the Bank's opposition. It is the Debtor's position that the Bank's lien should be avoided based on an appraised value of the Premises of between $95,000 and $120,000, which is subject to Chase's mortgage with a balance of approximately $59,132.5, and the Debtor's claimed exemption of $50,000.[5]

---

exemption in her present case.

[3] According to the proof of claim filed on behalf of the Bank on August 10, 2006, the Bank asserts a secured claim of $30,911.37 and an unsecured claim of $35,867.49, for a total claim of $66,778.86 based on an estimated value for the Premises of $95,000.

[4] On November 28, 2005, the Debtor commenced an adversary proceeding against her former husband, Richard Bronner, in his chapter 7 case (Case No. 05-66920) seeking a determination of nondischargeability of his personal liability on the judgment pursuant to Code § 523(a)(15) "to the extent that the judicial lien is not avoided." *See* Complaint at ¶ 9 (Adv. Pro. No. 05-80281).

[5] According to the Bank's memorandum of law, filed on February 17, 2006, it allegedly obtained an appraisal of the Premises on January 20, 2006, which indicated a value of $95,000. The Bank alleges that the Debtor obtained a broker's opinion that the value of the Premises was $120,000. The Debtor, in her memorandum of law, filed February 20, 2006, indicates that the real estate agent actually indicated that she would list the property for $120,000.

4

## DISCUSSION

This Court recently addressed the objection of an unsecured creditor to the debtors' chapter 13 plan based on its alleged failure to comply with Code § 1325(a)(4)'s "best interests of creditors requirement." *See In re Barbara and Corey Little*, Case No. 05-68281,[6] 2006 WL 1524594 (Bankr. N.D.N.Y. April 24, 2006). It was the creditor's position in that case that the debtors were not entitled to claim a homestead exemption of $50,000 pursuant to CPLR § 5206(a), as amended, because the statute was not to be applied retroactively in the absence of an "unequivocal expression of legislative intent." *Id.* at 3. It was the debtors' position that the Court should apply the law in effect at the time they filed their bankruptcy petition. *Id.* at 4.

In focusing on the arguments of the parties concerning whether to apply the 2005 CPLR § 5206(a) retroactively, the Court in *Little* determined that the statute was remedial. *Id.* at 22. Accordingly, the Court indicated that under New York law, "[r]emedial statutes constitute an exception to the general rule that statutes are not to be given a retroactive operation [in the absence of statutory language to the contrary], but only to the extent that they do not impair vested rights." NY Statutes § 54(a) (McKinney's 1971). *Id.* at 23. The Court determined that the unsecured creditors had no vested rights that would be impaired by the retroactive application of the 2005 amendment to CPLR § 5206(a). *Id.* at 24. The Court also concluded that the retroactive implementation of the statute under those circumstances did not violate the U.S. Constitution's Contract Clause under the three part test set out by the Second Circuit Court of Appeals in *Sal*

---

[6] By Order dated September 14, 2006, this Court dismissed the Littles' chapter 13 case on other grounds not relevant here.

5

*Tinnerello & Sons, Inc. v. Town of Stonington*, 141 F.3d 46, 52-3 (2d Cir. 1998). *Little* at 25. In particular, the Court determined that "the 2005 amendment serves a significant public purpose because inflation had obstructed the exemption's purpose, which is to allow debtors to keep their homes, to give hope to unfortunate debtors, to enable debtors to be productive members of society, to enhance human dignity, and to avoid increased public assistance expense." *Id.* at 26 (citations omitted).

In the matter *sub judice* the Bank contends that because it has a judicial lien, it has a vested right that would be impaired if the Court were to allow retroactive application of the statute. However, this argument is without merit. As noted by the court in *In re Lattimore*, 12 B.R. 111, 114 (Bankr. W.D.N.Y. 1981), "[i]n New York, the lien of a judgment does not endow the judgment creditor with a vested property interest entitled to the protection of the 5th Amendment." The court in *Lattimore* relied on a case decided by the New York Court of Appeals in which the court stated that "a judgment creditor of an owner has no estate or proprietary interest in the land. He stands wholly upon the law, which gives him *a remedy for the collection of his debt* by a sale of the land under execution." *Id.*, quoting *Watson v. N.Y. Central R.R. Co.*, 47 N.Y. 157, 162 (N.Y. 1872) (emphasis supplied); *see also In re Larson*, 260 B.R. 174, 200 (Bankr. D. Colo. 2001) (indicating that "levies and sales under writs of attachment or writs of execution - the collection methods addressed in the Colorado exemption statute - are acts to 'remedy' a default by a debtor"); *In re Bartlett*, 168 B.R. 488, 497 (Bankr. D.N.H. 1994) (concluding that under New Hampshire law "a creditors' [*sic*] lien interest or right is a 'remedy', a means of guaranteeing (or trying to guarantee) that their debt will be paid. It is not a vested, substantive right. The law does not provide that creditors have a vested right to have their debts

6

paid; rather, it provides them with a means - judicial liens and attachments . . ."). Therefore, the fact that the Bank obtained a judgment and recorded it in the Otsego County Clerk's office on August 11, 2004, does not create a vested right. Accordingly, the Court concludes that its analysis in *Little* applies to the matter herein, including the Court's discussion, alluded to previously, that the 2005 amendment to CPLR § 5206(a) is remedial and its retroactive implementation does not violate the U.S. Constitution's Contract Clause with respect to the Bank's judicial lien.

Based on the foregoing, it is hereby

ORDERED that the Debtor's motion seeking to avoid the Bank's lien pursuant to Code § 522(f) is granted based on the Bank's appraised value of $95,000[7] and the Debtor's entitlement to a homestead exemption of $50,000.

Dated at Utica, New York

this 21st day of September 2006

/s/  Hon. Stephen D. Gerling
STEPHEN D. GERLING
Chief U.S. Bankruptcy Judge

---

[7] The Court finds that the broker's opinion obtained by the Debtor indicating that the property could be listed for $120,000 of little evidentiary value, particularly in light of the Bank's appraisal of $95,000.